UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MIASHARI FOX, :
:
    Petitioner, :    Civ. No. 18-5860 (PGS)
:
v. :
:
ATTORNEY GENERAL STATE OF NEW :    **MEMORANDUM AND ORDER**
JERSEY, et al., :
:
    Respondent. :
:

    Petitioner Miashari Fox ("Petitioner" or "Fox") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's habeas petition will be denied and a certificate of appealability shall not issue.

## BACKGROUND

    The background is taken from the New Jersey Superior Court, Appellate Division's opinion in Petitioner's post-conviction relief ("PCR") proceedings:

> Defendant was in her apartment on March 27, 2008 with at least two other people when her aunt, K.F., and defendant's stepfather, A.W., came over. Defendant was upset with them because she suspected they were involved in some manner when the Division of Child Protection and Permanency previously removed defendant's three children from her custody.
>
> Defendant and K.F. began to argue. A fight broke out after K.F. punched defendant. Defendant then "picked up something," which was a knife, and "started swinging." Defendant stabbed K.F. in her chest under her arm, an injury that was life threatening and required emergency medical treatment. Defendant stabbed A.W. in the chest, killing him.
>
> In April 2011, defendant pled guilty to an accusation that charged first-degree aggravated manslaughter, *N.J.S.A.* 2C:11–4(a)(1), and second-degree aggravated assault, *N.J.S.A.* 2C:12–1(b)(1). When the plea was taken, defendant acknowledged being reckless when she stabbed A.W. She admitted stabbing K.F., but denied having

an intent to cause serious bodily injury to K.F. She asserted she "wasn't trying to stab nobody. I just picked up something and just started swinging." She admitted swinging the knife at people. She asserted she was trying to defend herself.

The court took a break in the proceedings so defendant could speak with her attorney to see if she wanted to proceed with the plea. When the proceedings resumed, defendant admitted she stabbed K.F. and A.W.

> DEFENSE COUNSEL: And do you also recognize that as a result of that stabbing that you did so not appreciating what the stabbing could do, because as you also provided the Court with information, you had been drinking and possibly smoking some weed during the course earlier in the day; correct?
> THE DEFENDANT: (indicating.)
> DEFENSE COUNSEL: You do recognize that that is not a defense to any of the actions that you're charged with, but given what mental state you were in, you basically started acting in a reckless fashion when you were throwing the knife around; do you understand that?
> THE DEFENDANT: Yes.
> DEFENSE COUNSEL: Judge, I think under those circumstances, I believe there is a factual basis for the two charges.
> THE COURT: [Counsel]
> PROSECUTOR: In light of her explanation about what she believed earlier in self defense, the state is satisfied.

The trial court accepted the guilty plea.

Defendant was sentenced in conformity with the plea agreement to concurrent terms of twenty-five years in prison on the aggravated manslaughter charge and ten years on the aggravated assault charge. Both sentences were subject to an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2. In sentencing defendant, the judge took into consideration the presentence report, a sentencing memorandum prepared by defense counsel, three psychological reports, and a competency report. He found the aggravating factors outweighed the mitigating factors.

*State v. Fox*, No. A-3802-14T3, 2017 WL 1365400, at *1 (N.J. Super. Ct. App. Div. Apr. 13, 2017).

Petitioner appealed her judgment and sentence. (*See* ECF 11-1 at 43). On June 12, 2012, the Appellate Division affirmed the judgment and sentence stating that it was satisfied that the sentence was not manifestly excessive or unduly punitive. (*See id.* at 165). On January 29, 2013, the New Jersey Supreme Court denied certification. (*See id.* at 167).

Thereafter, petitioner filed a PCR petition. Petitioner argued that her attorney was ineffective because he failed to object to the factual basis during the plea as it did not support the defense pled to. (*See id.* 181-82). Petitioner also argued that counsel was ineffective during the sentencing proceedings because certain mitigating factors should have been applied. (*See id.* at 192-97). On February 25, 2015, the New Jersey Superior Court denied Petitioner's PCR petition. (*See id.* at 265-85).

Petitioner appealed this denial to the Appellate Division. (*See id.* at 286). On April 13, 2017, the Appellate Division affirmed the denial of Petitioner's PCR petition. *See Fox*, 2017 WL 1365400. Thereafter, the New Jersey Supreme Court denied certification. on January 26, 2018. (*See* 11-1 at 548).

This Court received Petitioner's federal habeas petition in April, 2018. (*See* ECF 1). The habeas petition raises two issues:

1. Petitioner's guilty plea to aggravated manslaughter must be vacated because of an insufficient factual basis to support the conviction at the plea hearing.
2. Ineffective assistance of counsel by permitting the guilty plea to be accepted when it had a deficient factual basis because there was no factual basis to conclude that she had manifested extreme indifference to human life.

Respondents filed their response in opposition on February 22, 2019. (*See* ECF 11). Petitioner filed her reply in March, 2019. (*See* ECF 14). The matter is now ripe for adjudication.

## LEGAL STANDARD

An application for writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws or treaties of the United States. *See Engle v. Isaac*, 456 U.S. 107, 119 (1982); *see also*, *Mason v. Myers*, 208 F.3d 414, 415 n.1 (3d Cir. 2000) (citing 28 U.S.C. § 2254). Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (Apr. 24, 1996), applies. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d).

As a threshold matter, a court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)). "'[C]learly established federal law' under § 2254(d)(1) is the governing legal principle set forth by the Supreme Court at the time the state court renders its decision." *Id.* (citations omitted). A federal habeas court making an unreasonable application inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *See Williams v. Taylor*, 529 U.S. 362, 409 (2000). Thus, "a federal court may not issue a writ simply because the court concludes in its

4

independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

The AEDPA standard under § 2254(d) is a "difficult" test to meet and is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The petitioner carries the burden of proof and with respect to review under § 2254(d)(1), that review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*

In applying AEDPA's standards, the relevant state court decision that is appropriate for federal habeas corpus review is the last reasoned state court decision. *See Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008). Furthermore, "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Dennis Sec'y Dep't of Corr.*, 834 F.3d 263, 353 n.10 (3d Cir. 2016) (Jordan, J., concurring in part and concurring in the judgment) (noting that while *Ylst* predates the passage of AEDPA, the *Ylst* presumption that any subsequent unexplained orders upholding the judgment will be presumed to rest upon the same ground is still valid). Additionally, AEDPA deference is not excused when state courts issue summary rulings on claims as "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011) (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)).

Even where a claim is determined to be unexhausted, "a federal court [may] deny an unexhausted claim on the merits 'if it is perfectly clear that the applicant does not raise even a

5

colorable federal claim.'" *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *Lambert v. Blackwell*, 134 F.3d 506, 515–15 (3d Cir. 1997) (construing 28 U.S.C. § 2254(b)(2))); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## DISCUSSION

A. <u>Claim II</u>

This Court will begin its discussion with analyzing Claim II of Petitioner's habeas petition. Petitioner asserts that counsel was ineffective when he permitted Petitioner to plead guilty to aggravated manslaughter. Petitioner claims the plea lacked a factual basis to conclude that she had manifested extreme indifference to human life. Counsel purportedly should have advised Petitioner to plead guilty to reckless manslaughter instead of aggravated manslaughter. (*See* ECF 1 at 7).

The last reasoned decision on this claim was from the Appellate Division during Petitioner's PCR proceedings which stated as follows:

> The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in *Strickland v. Washington*, 466 *U.S.* 668, l04 *S. Ct.* 2052, 80 *L. Ed.* 2d 674 (1984), and adopted by our Supreme Court in *State v. Fritz*, l05 *N.J.* 42 (l987). In order to prevail on an ineffective assistance of counsel claim, defendant must meet a two-prong test by establishing that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, supra*, 466 *U.S.* at 687, 694, l04 *S. Ct.* at 2064, 2068, 80 *L. Ed.* 2d at 693, 698.

6

> In the plea bargain context, "a defendant must prove that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." *State v. Gaitan*, 209 *N.J.* 339, 351 (2012) (alteration in original) (internal quotation marks and citations omitted), *cert. denied*, ––– U.S. –––, 133 *S. Ct.* 1454, 185 *L. Ed.* 2d 361 (2013). Defendant contends her trial counsel was ineffective for failing to object to the factual basis for her guilty plea to first-degree aggravated manslaughter, arguing that "the facts in the case only support a plea to second-degree manslaughter." Aggravated manslaughter is a criminal homicide in which "[t]he actor recklessly causes death under circumstances manifesting extreme indifference to human life[.]" *N.J.S.A.* 2C:11–4(a)(1). "In terms of distinguishing between reckless manslaughter and aggravated manslaughter, ... the relevant 'circumstances' are objective and do not depend on defendant's state of mind." *State v. Pindale*, 249 *N.J. Super.* 266, 282 (App. Div. 1991). "The ultimate question for the factfinder is whether the homicide was committed under circumstances involving a mere possibility of death or did the circumstances involve a probability of death. If the former, the verdict must be reckless manslaughter, but if the latter the verdict must be aggravated manslaughter." *State v. Curtis*, 195 *N.J. Super.* 354, 365 (App. Div.), *certif. denied*, 99 *N.J.* 212 (1984). *See State v. Campfield*, 213 *N.J.* 218, 233 (2013).
>
> Measured against this standard, we agree with the PCR court that trial counsel was not ineffective. Defendant admitted to picking up a knife and swinging it in a room where K.F., A.W. and others were present. We agree with the PCR judge's conclusion that "the act of stabbing and swinging a knife in a room full of people cannot be described as anything other than extreme indifference to human life." Defendant's conduct made "death highly probable," given that her actions led to the death of one victim and caused "life threatening injuries" to the other. Furthermore, we agree defendant cannot show prejudice in the context of her plea because she was not offered a plea to a charge of reckless manslaughter. Her only option was to go to trial on the four-count indictment where she faced the potential for a much longer sentence.

*Fox*, 2017 WL 1365400, at *3–4 (footnotes omitted).

The Appellate Division noted the applicable relevant *Strickland* standard for analyzing this claim. Additionally, because the Appellate Division's decision denying this claim was not

7

contrary to or an unreasonable application of clearly established federal law, Petitioner is not entitled to habeas relief on this claim for the reasons that follow.

The essential elements of aggravated manslaughter in New Jersey are that the actor acted recklessly causing death under circumstances manifesting extreme indifference to human life. *See* N.J. Stat. Ann. § 2C:11-4a(1). Petitioner challenges her counsel's actions by arguing that there was no factual basis to show that she acted with a manifest extreme indifference to human life. "In terms of distinguishing between reckless manslaughter and aggravated manslaughter . . . the relevant "circumstances" are objective and do not depend on defendant's state of mind. The degree of recklessness must be determined from all the surrounding circumstances." *State v. Pindale*, 592 A.2d 300, 309 (N.J. Sup. Ct. App. Div. 1991) (citing *State v. Curtis*, 479 A.2d 425, 430 (N.J. Sup. Ct. App. Div. 1984)). "[T]he recklessness must involve a higher degree of probability that death will result from the actor's conduct[.]" *Curtis*, 479 A.2d at 430.

During the plea colloquy, Petitioner admitted that she started stabbing and swinging the knife and hit two people which ultimately cause one to die. (*See* ECF 11-1 at 69-70). This Court finds that the Appellate Division's denial of this claim was not contrary to or an unreasonable application of the *Strickland* standard. Indeed, as noted by the Appellate Division, swinging and stabbing a knife creates a probability of causing death such that counsel need not have objected to the factual basis of the plea given Petitioner's admissions during the colloquy. *See, e.g. State v. Gaines*, 873 A.2d 688, 693 (N.J. Sup. Ct. App. Div. 2005) ("Based on that evidence, the jury could find that defendant raised the gun, aimed at a branch, and fired above the crowd, not into it. Given the size of the group, the jurors could have concluded that he fired under circumstances manifesting extreme indifference to human life.") Thus, the state court's denial of this claim was not an unreasonable application of *Strickland* as Petitioner's counsel's performance did not fall

8

below an objective standard of reasonableness given what was already admitted by Petitioner during the plea hearing.

With respect to Petitioner's claim that counsel was also ineffective by advising her to plead guilty to aggravated manslaughter rather than reckless manslaughter, the Appellate Division decision denying this claim was also not contrary to or an unreasonable application of *Strickland*.

> A petitioner ... who seeks to establish a claim of ineffective assistance of counsel in the context of plea bargaining, consequently must make a double showing – (1) that the prosecutor extended the plea offer and (2) that his or her attorney either failed to communicate the offer to him or misadvised him concerning the advantages and disadvantages of the offer so as to cause the non-acceptance of an otherwise beneficial outcome by a favorable guilty plea.

*Compean v. United States*, No. 12-0730, 2013 WL 6196517, at *7 (W.D. Ky. Oct. 18, 2013) (citing *Lint v. Prelesnik*, No. 09-10044, 2011 WL 3241840, at *11 (E.D. Mich. July 29, 2011); *Robinson v. United States*, 744 F. Supp. 2d 684, 696 (E.D. Mich. 2010)); *report and recommendation adopted by*, 2013 WL 6196533 (W.D. Ky. Nov. 26, 2013).

It does not appear that Petitioner was ever given a plea offer to reckless manslaughter instead of aggravated manslaughter. Thus, counsel could not be deemed ineffective for failing to advise Petitioner to plead guilty to a charge that was never offered. Accordingly, Petitioner is not entitled to federal habeas relief on Claim II.[1]

---

[1] Respondents states in their brief that Petitioner is also not entitled to federal habeas relief on her claim that counsel was ineffective for failing to argue certain mitigating factors at sentencing. (*See* ECF 11 at 35). However, while this argument may have been raised during the PCR proceedings, Petitioner does not appear to raise that claim in these federal habeas proceedings. (*See* ECF 1 at 7). Therefore, this Court need not analyze this argument since the underlying claim for relief was not raised by Petitioner.

    B.  Claim I

Petitioner argues in Claim I that her guilty plea to aggravated manslaughter must be vacated because there was an insufficient factual basis given for the plea. Like Claim II, Petitioner states that because she denied any intention to stab anyone, her conduct was reckless, but did not satisfy a showing of extreme indifferent to human life.

The parties both assert that this claim is exhausted. This Court is not so sure. Indeed, Petitioner appeared to raise this claim in the context of his counsel's ineffectiveness for failing to object to the lack of a factual basis for a plea, not that *sua sponte*, the state court should have rejected the plea for lacking a factual basis. Nevertheless, this Court need not decide this procedural issue. Applying even the lesser "colorable" standard if the claim is deemed unexhausted rather than AEDPA deference, *see Carpenter*, 296 F.3d at 146, she still is not entitled to federal habeas relief. That is, as outlined in the previous section *supra*, there were sufficient facts given during the plea hearing to find Petitioner guilty of aggravated manslaughter. Accordingly, Petitioner is not entitled to habeas relief on this claim as well.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). For the reasons discussed above, Petitioner has not met this standard. This Court will not issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Petitioner's habeas petition shall be denied. A certificate of appealability shall not issue.

## ORDER

For the reasons discussed in the opinion filed herewith:

IT IS this 16TH day of September, 2020,

ORDERED that Petitioner's petition for writ of habeas corpus is denied; and it is further;

ORDERED that at certificate of appealability shall not issue; and it is further

ORDERED that the Clerk shall serve this order and the accompanying opinion on Petitioner by regular U.S. mail; and it is further

ORDERED that the Clerk shall mark this case as closed.


                                              *s/Peter G. Sheridan*
                                              PETER G. SHERIDAN, U.S.D.J.


DATED: April _____, 2020

                                              PETER G. SHERIDAN
                                              United States District Judge